JACOB M. GROB, Doing Business under the Trade Name and Style of I. GROB & COMPANY, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, August 21, 1941.

*Weil, Gotshal & Manges*, for the plaintiff.

*White & Case* [*A. Hayne de Yampert* of counsel], for the defendant.

WALTER, J. Plaintiff agreed to buy egg yolk powder from concerns in China, and agreed to pay for it by means of bankers' letters of credit against which the seller might draw drafts accompanied by invoices and bills of lading. Plaintiff thereupon procured defendant to issue its letters of credit authorizing such drawings. Plaintiff now seeks to enjoin defendant from accepting drafts drawn under such letters of credit because plaintiff has an apprehension, which I assume to be well founded, that even if bills of lading accompany the drafts, plaintiff never will get the egg yolk powder because such bills may be issued by Japanese ships which will fail to bring the powder to the United States.

It is quite plain, however, that under plaintiff's contracts the sellers have performed and are entitled to their pay when bills of lading are obtained, and that defendant is required to accept the drafts when bills of lading are presented, and that it is the plaintiff who took the risk of actual delivery of the goods. That is the plain meaning and necessary effect of authorizing the sellers to draw drafts accompanied by bills of lading instead of delaying payment

until actual delivery, and it also is the plain meaning of authorizing defendant to accept drafts accompanied by bills of lading instead of delaying acceptance until actual arrival of the merchandise. Granting the requested injunction would be nothing other than shifting to the sellers or to the defendant risks which plaintiff has contracted to assume, or, in other words, authorizing plaintiff to breach his contracts and compelling defendant to breach its contracts. The motion for an injudction *pendente lite* is accordingly denied.

If there were any suggestion of collusion between the sellers of the merchandise and the issuers of the bills of lading, of course an entirely different question would be presented. Nothing of that kind is alleged.